**UNITED STATES of America, Plaintiff–Appellee,**

v.

**James Itice LIVINGSTON, Defendant–Appellant.**

No. 90–6562.

United States Court of Appeals, Sixth Circuit.

Submitted Aug. 2, 1991.

Decided Aug. 12, 1991.

W. Hickman Ewing, Jr., U.S. Atty. and Vivian R. Donelson, Asst. U.S. Atty., Office of the U.S. Atty., Memphis, Tenn., for plaintiff-appellee.

Clifton Harviel, Federal Public Defender, Memphis, Tenn., for defendant-appellant.

Before MARTIN and MILBURN, Circuit Judges, and CONTIE, Senior Circuit Judge.

CONTIE, Senior Circuit Judge.

Defendant-appellant James Itice Livingston appeals his 510–month sentence. For the following reasons, we affirm Livingston's sentence.

## I.

On February 23, 1990, the Tennessee Bank and Trust (a federally insured bank) located in Millington, Tennessee, was robbed by an armed gunman who escaped with $36,234. This same bank was again robbed on April 20, 1990, by an armed gunman who escaped with $14,025. On June 11, 1990, the federal grand jury sitting in the Western District of Tennessee returned an eight-count superseding indictment charging defendant-appellant James Itice Livingston ("appellant" or "Livingston") with the bank robberies.

Specifically:

Count I charged Livingston with the February 23, 1990 armed bank robbery (in violation of 18 U.S.C. § 2113(d)).

Count II charged Livingston with "knowingly us[ing] and carr[ying] a firearm, more specifically a pistol, during and in relation to" the February 23, 1990 bank robbery (in violation of 18 U.S.C. § 924(c)).

Count III charged Livingston with the April 20, 1990 armed bank robbery (in violation of 18 U.S.C. § 2113(d)).

Count IV charged Livingston with "knowingly us[ing] and carr[ying] a firearm, more specifically a pistol, during and in relation to" the April 20, 1990 bank robbery (in violation of 18 U.S.C. § 924(c)).

Count V charged Livingston with "knowingly receiv[ing] a firearm [on or about March 5, 1990] which had been shipped and transported in interstate commerce and possess[ing] a firearm in and affecting commerce" after "having been convicted of [three] crimes punishable by imprisonment for a term exceeding one year" (in violation of 18 U.S.C. § 922(g)).

Count VI charged Livingston with "knowingly receiv[ing] a firearm [on or about April 23, 1990] which had been shipped and transported in interstate commerce and possess[ing] a firearm in and affecting commerce" after "having been convicted of [three] crimes punishable by imprisonment for a term exceeding one year" (in violation of 18 U.S.C. § 922(g)).

Count VII charged Livingston with "stat[ing] and represent[ing] and caus[ing] to be stated and represented [on or about March 5, 1990] that he had not been convicted in any court of a crime punishable by imprisonment for a term exceeding one year when in fact whereas he then well knew he had been convicted of crimes punishable by imprisonment for a term exceeding one year" (in violation of 18 U.S.C. § 1001).

Count VIII charged Livingston with "stat[ing] and represent[ing] and caus[ing] to be stated and represented [on or about April 23, 1990] that he had not been convicted in any court of a crime punishable by imprisonment for a term exceeding one year when in fact whereas he then well knew he had been convicted of crimes punishable by imprisonment for a term exceeding one year (in violation of 18 U.S.C. § 1001).

*See* Superseding Indictment at 1–7.

At his June 27, 1990 arraignment, Livingston pled not guilty to all eight counts of the superseding indictment. On July 20, 1990, Livingston changed his plea to guilty on Counts I, II, III and IV pursuant to an oral plea agreement in exchange for the government's motion to dismiss the remaining four counts of the superseding indictment, and the government's promise to refrain from seeking an armed career criminal sentence enhancement pursuant to 18 U.S.C. § 924(e):

[Defense Attorney]: If Your Honor Please, this is Mr. Livingston in the tan suit before you. He is prepared this afternoon to change his plea to guilty in Counts One, Two, Three, and Four. The Government will move to dismiss Five, Six, Seven, and Eight at the appropriate time.

[Judge]: One and three are the same bank but different times?

[Defense Attorney]: Same bank, different times.

[Judge]: Are there any other terms of the plea agreement?

[Defense Attorney]: The only other thing is that the Government has agreed

that they will not seek armed career criminal status for Mr. Livingston.

[Judge]: I understand that you propose to plead guilty today, to change your plea from not guilty to guilty on Counts One, Two, Three, and Four, and that in exchange for that, the United States at sentencing will move to dismiss Counts Five, Six, Seven, and Eight, and that the United States has agreed that it will not seek any enhancement of your sentence under the armed career criminal status that is set out at 18 United States Code, Section 924(e). Is that what you understand the plea agreement to be?

[Livingston]: Yes, Your Honor.

[Judge]: Are there any other terms or conditions to the plea agreement as you understand it?

[Livingston]: No.

[Judge]: Has anyone made any other promises or assurances to you in an effort to get you to plead guilty?

[Livingston]: No.

Joint Appendix at 34–38.

Before accepting Livingston's guilty pleas, the district court judge discussed the minimum and maximum sentences that Livingston faced:

[Judge]: The counts in this case to which you propose to plead guilty carry some fairly lengthy terms. Count One has a possibility of a sentence in jail, of imprisonment up to twenty-five years, a fine of up to two hundred and fifty thousand dollars, or both, plus a special assessment of fifty dollars. And there is a period of supervised release that will apply that I believe is up to five years.... Count two has a penalty of not more than five years in prison in addition to the bank robbery penalties, together with a mandatory special assessment of fifty dollars.

Count Three again has a sentence of not more than twenty-five years in prison, not more than two hundred and fifty thousand dollars in fines, or both, together with a mandatory assessment of fifty dollars.

Count Four, like Count Two, has a sentence range of up to five years in prison in addition to the bank robbery penalty and a special assessment of fifty dollars. That means under the statutes that you are looking at ... a maximum prison sentence of sixty years, a maximum fine of five hundred thousand dollars, and a special assessment of two hundred dollars.

....

·Let me go back to when I was telling you about the penalties. I told you that on Counts Two and Four, you could get no more than five years. It looks like you get at least five years or a fixed five years. Is it fixed?

[Defense Attorney]: It's a fixed five.

[Judge]: A fixed five years. Is there any provision about whether they are consecutive or concurrent?

[Prosecutor]: Consecutive.

[Judge]: Consecutive to the bank robbery charges. Are they consecutive to each other in any way?

[Defense Attorney]: Yes, sir, I am afraid so.

[Judge]: Well, it looks like, then, you are looking at a minimum ten-year sentence in jail, minimum, no matter what I do or want to do. Is that the way you understand it?

[Livingston]: Yes, Your Honor.

Joint Appendix at 38–46.

After accepting Livingston's guilty pleas, the district court judge ordered that Livingston's presentence report be completed prior to September 21, 1990, the scheduled sentencing date. On September 14, 1990, the government filed its "Position Paper of the United States of America With Respect to Sentencing Factors" which noted (in relevant part):

The sentence defendant receives on Count 2 and Count 4 are to be consecutive to each other and to any other sentence the defendant receives. At the Change of Plea hearing both parties agreed to this application of 18 U.S.C. § 924(c) as to Count 2 and Count 4. It is the position of the government that defendant's conviction under Count 2 results in a five year consecutive sentence, and that his sentence on Count 4 is a

"second" conviction under 18 U.S.C. § 924(c) mandating a consecutive sentence of twenty years. *United States v. Nabors*, 901 F.2d 1351 (6th Cir.1990); *United States v. Rawlings*, 821 F.2d 1543 (11th Cir.1987).

At the change of plea hearing the defendant was not advised by the court of the mandatory minimum twenty year consecutive term as to one of the 18 U.S.C. § 924(c) convictions. It is the recollection of counsel for the government and the defendant's counsel that the defendant was advised as to two consecutive mandatory minimum terms of five years. Pursuant to Federal Rules of Criminal Procedure 11(c)(1), it is respectfully requested that the Court advise the defendant of the twenty year mandatory minimal penalty provided by law as to a second 18 U.S.C. § 924(c) conviction.

Joint Appendix at 18–19.

After entertaining arguments from both the prosecutor and the defense attorney regarding the applicability of *United States v. Nabors*, 901 F.2d 1351 (6th Cir.), *cert. denied*, —— U.S. ——, 111 S.Ct. 192, 112 L.Ed.2d 154 (1990), the district court judge held:

[Judge]: I have read *Nabors*, and I have read the, I think it was an Eleventh Circuit opinion that the two of you addressed, and I have to tell you that logically the two ... seem to me to be correct.... In light of the fact that there is no question that I did not advise this defendant that he was looking at a twenty-year consecutive sentence under Count Four, what is the Government's position if the defendant moves to withdraw?

[Prosecutor]: I think he has every right to withdraw his plea, Your Honor.

[Judge]: All right. Let's do this. I am going to continue this matter and allow the parties an opportunity to obtain a copy of the transcript of the guilty plea tender in this case that took place on July 20th, 1990.... I would like to have a paper from [the defense attorney] indicating the defendant's desire either to withdraw his plea of guilty or to stand by his plea of guilty. Let me advise the defendant at this time that in light of the case law that has been cited to the Court, it appears that on Count Four, you are not looking at just an additional five years consecutive to counts one, two, and three, but an additional twenty years consecutive to one, two, and three, and that means you would be looking at a minimum sentence of twenty-five years imprisonment, in addition to whatever imprisonment might be adjudged on Count One and Count Three. So, I incorrectly advised you on July 20th that you were looking at a ten-year minimum sentence; it is a twenty-five year minimum sentence.

Joint Appendix at 58–60.

On November 8, 1990, Livingston's attorney listed, in order of preference, the sentencing options that his client preferred:

[Defense Attorney]: Mr. Livingston's top choice, or his preference, or whatever you want to call it today is what it has been all along, and that is simply that he get the specific term that he had agreed to, or thought he had agreed to....

[Judge]: That preference has been precluded by virtue of my ruling that the twenty-year sentence applies to the plea on count Four. So that's not an option at this point.

[Defense Attorney]: His second preference was the Rule 11(e) agreement, which is not workable because the Government is not interested. His third choice was a conditional plea, which again—that's not in the position paper. That's something we came up with today, but again that takes consent, so that's not applicable.

That leaves him at the position of either withdrawing his plea and asking for a trial or proceeding as is. He's advised me that he does not wish to go through the trauma of a trial, that he does not wish to withdraw his plea at this time, that he really doesn't want to get all that much time but he thinks that that's the better alternative of his choices.

Joint Appendix at 64–65.

Thereafter, Livingston advised the court that he did not wish to withdraw his guilty pleas:

[Judge]: [Y]ou would prefer to let your guilty plea stand on Counts One, Two, Three, and Four, and be subjected to what is significantly increased punishment over and above what I discussed with you at the plea hearing?

[Livingston]: Yes, Your Honor.

[Judge]: Why is it that you don't want to go through a trial?

[Livingston]: I'm guilty. The evidence will show I am guilty. That's why I pled guilty.

. . . .

[Judge]: Do you still want me to accept your guilty plea and to sentence you under that guilty plea?

[Livingston]: Yes, Your Honor.

[Judge]: You know you have the right now to withdraw that guilty plea?

[Livingston]: Yes, sir.

[Judge]: You know I am giving you the right to simply say, no, I don't want to plead guilty, I want to go to trial?

[Livingston]: I understand.

[Judge]: And you willingly, and voluntarily, and freely are waiving your right to withdraw that plea?

[Livingston]: Yes, Your Honor.

Joint Appendix at 66–68.

On November 15, 1990, the district court judge sentenced Livingston to: 210 months imprisonment for Count I; 210 months imprisonment for Count III (to run concurrent with Livingston's Count I sentence); 60 months imprisonment for Count II (to run consecutive to Livingston's concurrent 210 month sentences); 240 months imprisonment for Count IV (to run consecutive to Livingston's sentences for Counts I, II and III); and, three years of supervised release. Livingston was also ordered to repay $50,000 to the Tennessee Bank and Trust (or its insurer), and ordered to pay a $200 special assessment.

Livingston thereafter filed a timely notice of appeal challenging his 510 month (42½ year) sentence.

## II.

### A.

■ Though Livingston argues that Sixth Circuit precedent "does not mandate a twenty year sentence for a second or subsequent violation of Title 18 U.S.C. § 924(c)," Appellant's Brief at 10, Livingston's contention is belied by this court's holding in *United States v. Nabors:*

We agree with Nabors that § 924(c)(1) does not allow two sentences for a single violation of that statute. Here, however, two separate predicate offenses for triggering § 924(c)(1) were charged and proven.

. . . .

Nabor's two convictions under § 924(c)(1) do not each require the same proof of facts; the two predicate offenses are distinct and require proof of facts not required by the other predicate. Thus, no problem of multiplicity exists.... There is nothing in the statute or the legislative history providing that separate convictions under § 924(c)(1) should not result in separate sentences under that provision.

The Eleventh Circuit recently considered a similar sentencing argument concerning whether the conviction on separate predicate offenses to § 924(c)(1) in the same indictment resulted in the application of the subsequent or second conviction sentence enhancement provisions of the statute. Holding that the two convictions on the same indictment could trigger the subsequent sentence enhancement, the court reasoned that Congress also could have limited the effect of the statute to apply only to subsequent indictments or after a prison term was served on the first conviction under § 924(c)(1). "To avoid such a result, a prosecutor could simply bring the two offenses in two separate indictments, thereby insuring that one of the convictions would occur later in time than the other. We do not think Congress intended the enhanced penalty for a repeat offender of § 924(c) to hinge on the machinations of the prosecutor." Adopting Nabors's argument would result in sepa-

rate indictments and, consequently, an increase in the number of criminal cases, to obtain the enhanced provisions of § 924(c)(1). We do not find the statute ambiguous on the availability of multiple sentences for separate violations of the statute.

While § 924(c)(1) is, at best, hard to follow in simple English, we concur with the [Eleventh Circuit's reasoning] that two distinct violations of the statute trigger the subsequent sentence enhancement provisions of § 924(c)(1). Thus, the commission of two violations of § 924(c)(1) would result in a five-year consecutive sentence for the first conviction and a ten-year consecutive sentence for the second § 924(c)(1) conviction.

901 F.2d at 1357–59 (citations omitted).

Livingston was indicted for a February 23, 1990 bank robbery, and an April 20, 1990 bank robbery—he was armed on both occasions. Consequently, *Nabors* dictates that Livingston be sentenced to five years imprisonment for his first § 924(c)(1) conviction (Count II), and to twenty years for his second § 924(c)(1) conviction.[1] Accordingly, we reject Livingston's first assignment of error.

### B.

Though the district court judge repeatedly offered Livingston the opportunity to withdraw his guilty pleas after the Count IV sentence was set at twenty years, Livingston elected to plead guilty pursuant to the "revised" plea agreement between the parties. Livingston now argues that:

Under the circumstances of this case, Mr. Livingston asserts that withdrawal of his guilty plea is an inappropriate remedy in lieu of the implementation of the specific terms of his plea agreement or their functional equivalent. Mr. Livingston bargained in good faith and had a reasonable expectation of receiving a sentence as a career offender plus ten years, which allowed him some chance to survive his incarceration. He urges the Court to enforce this agreement or its functional equivalent.

Appellant's Brief at 17.

Pursuant to Fed.R.Crim.P. 11(e)(2), a "court may accept or reject the [plea] agreement, or may defer its decision as to the acceptance or rejection until there has been an opportunity to consider the presentence report." In the instant action, the district court judge elected to defer his decision until a presentence report could be prepared and considered:

[Judge]: But you understand, Mr. Livingston, that if you plead guilty in a moment when I ask you, that a presentence report will be prepared and I will consider whether or not to accept this plea agreement based largely on what I read in the presentence report, and if I decide to reject the plea agreement insofar as the dismissal of the counts, you will have the opportunity to withdraw the plea of guilty.

[Livingston]: Yes, I understand.

Joint Appendix at 49.

"A plea bargain itself is contractual in nature and subject to contract-law standards." *United States v. Mandell*, 905 F.2d 970, 973 (6th Cir.1990) (quoting *Baker v. United States*, 781 F.2d 85, 90 (6th Cir.), *cert. denied*, 479 U.S. 1017, 107 S.Ct. 667, 93 L.Ed.2d 719 (1986)). Accordingly, a district court is "bound by the bargain" once the district court accepts the plea agreement. *United States v. Holman*, 728 F.2d 809, 813 (6th Cir.), *cert. denied*, 469 U.S. 983, 105 S.Ct. 388, 83 L.Ed.2d 323 (1984).

Because the district court judge in the instant action *deferred* accepting or rejecting the initial plea agreement between Livingston and the United States (pending preparation and consideration of a presentence report), we find Livingston's attempt to enforce the executory plea agreement unavailing. *See id.* ("Once the court *unqualifiedly* accepts the [plea] agreement it too is bound by the bargain."). We there-

---

1. Unlike the ten-year mandatory sentence that Nabors faced, Livingston faces a twenty-year mandatory sentence under 18 U.S.C. § 924(c)(1), as amended. *See* 18 U.S.C. § 924(c)(1) ("In the case of his second or subsequent conviction under this subsection, such person shall be sentenced to imprisonment for twenty years.").

fore reject Livingston's second assignment of error.

### III.

For the aforementioned reasons, we AF-FIRM Livingston's sentence.