7 F.3d 236
 NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
UNITED STATES of America, Plaintiff-Appellee,
v.
Robert S. VISINTINE, Defendant-Appellant.
 No. 92-4172.
 United States Court of Appeals, Sixth Circuit.
 Oct. 4, 1993.
 
 Before: MILBURN and GUY, Circuit Judges; and KRUPANSKY, Senior Circuit Judge.
 PER CURIAM.
 
 
 1
 Robert Visintine entered a Rule 11 plea to four counts of armed bank robbery and two counts of using or carrying a firearm during the commission of a crime of violence. The plea agreement was very detailed and included a number of stipulations. Among the stipulations was a separate paragraph for each count detailing the guidelines' computation of the agreed upon offense level, as well as a stipulation that the combined offense level for the four bank robbery counts was 29.[1] The plea agreement also set forth the maximum penalty for each count, indicated which counts would generate a consecutive sentence, and included an acknowledgement by the defendant "that the sentence imposed for the four armed bank robbery counts will be in addition to, or consecutive to, the mandatory sentence of 25 years ... on the two firearms charges." (App. 28.)
 
 
 2
 The final stipulation in the written plea agreement stated:
 
 
 3
 The parties further agree and stipulate that defendant Robert Steven Visintine has clearly demonstrated a recognition and affirmative acceptance of personal responsibility for his criminal conduct, pursuant to Sentencing Guidelines § 3E1.1, and thereby qualifies for a reduction of his offense level by two levels. Accordingly, his offense level total is 27. Defendant Robert Steven Visintine fully understands that the stipulations contained in paragraphs 7 and 8 are not binding upon the Court and that he would not have the right to withdraw his plea of guilty in the event that the Court rejects the stipulations.
 
 
 4
 (App. 28.)
 
 
 5
 After a presentence report was prepared and distributed, the defendant, although represented by counsel, filed pro se objections to the presentence report. Although 20 separate objections were filed, many of them raised the same issue. Defendant primarily complained about the failure to recommend a two-point reduction for acceptance of responsibility based upon his alleged failure to give a statement to the probation officer. He also argued that placing him in criminal history category III was erroneous. The file copy of these objections is time stamped October 16, 1992, 1:55 p.m. The sentencing took place on October 16, 1992, at 2:45 p.m.
 
 
 6
 At the sentencing hearing, the following colloquy took place:
 
 
 7
 THE COURT: Mr. Visintine, have you had an opportunity to read the pre-sentence report?
 
 
 8
 THE DEFENDANT: Yes.
 
 
 9
 THE COURT: Mr. Sheldon, have you had an opportunity to read the pre-sentence report?
 
 
 10
 MR. SHELDON: Yes, Your Honor.
 
 
 11
 THE COURT: Have you discussed it with your client?
 
 
 12
 MR. SHELDON: We have communicated with one another concerning it.
 
 
 13
 THE COURT: As a result of your discussion with your client, do you wish to challenge any facts in the pre-sentence report?
 
 
 14
 MR. SHELDON: Not the facts, Your Honor.
 
 
 15
 THE COURT: Is there any reason why sentence should not be imposed at this time?
 
 
 16
 MR. SHELDON: I know of none.
 
 
 17
 THE COURT: Do you wish to be heard in the defendant's behalf?
 
 
 18
 MR. SHELDON: Your Honor, we submitted a tremendous amount of information to the Probation Department. I know that they have reviewed it. I talked to the individual who did the pre-sentence report. I'm satisfied that everything that you need to know is in that report.
 
 
 19
 THE COURT: I have read the report.
 
 
 20
 Mr. Visintine, do you wish to be heard before sentence is imposed?
 
 
 21
 THE DEFENDANT: No.
 
 
 22
 (App. 110-111.)
 
 
 23
 Immediately thereafter, the court imposed a custody sentence of 435 months. Defendant, before leaving the sentencing hearing, indicated his intention to appeal. Defense counsel, at his request, was relieved of further responsibilities, new counsel was appointed and this appeal followed.
 
 
 24
 On appeal, defendant raises the following issues: (1) the court erred in not making a statement or giving an explanation of its sentencing decision; (2) the court erred in failing to make a two-level downward adjustment for acceptance of responsibility; (3) the enhanced 20-year sentence for an alleged second conviction under 18 U.S.C. § 924(c)(1) was error; (4) the criminal history category was wrongly computed to be level III; and (5) the sentence was in violation of defendant's due process rights.
 
 
 25
 We will address the substance of these claimed errors.
 
 I.
 
 26
 The Alleged Failure to Explain the Sentence and Respond to Objections to the Presentence Report
 
 
 27
 Title 18 U.S.C. § 3553 provides in pertinent part:
 
 
 28
 (c) Statement of reasons for imposing a sentence.--The court, at the time of sentencing, shall state in open court the reasons for its imposition of the particular sentence, and, if the sentence--
 
 
 29
 (1) is of the kind, and within the range, described in subsection (a)(4) and that range exceeds 24 months, the reason for imposing a sentence at a particular point within the range ...
 
 
 30
 In a related vein, the Federal Rules of Criminal Procedure provide:
 
 
 31
 If the comments of the defendant and the defendant's counsel or testimony or other information introduced by them allege any factual inaccuracy in the presentence investigation report or the summary of the report or part thereof, the court shall, as to each matter controverted, make (i) a finding as to the allegation, or (ii) a determination that no such finding is necessary because the matter controverted will not be taken into account in sentencing. A written record of such findings and determinations shall be appended to and accompany any copy of the presentence investigation report thereafter made available to the Bureau of Prisons.
 
 
 32
 Fed.R.Crim.P. 32(c)(3)(D).
 
 
 33
 The government responds to defendant's arguments by stating the court may have technically erred but substantially complied with the statute and rules of procedure by the inclusion of a statement of reasons in the "Judgment in a Criminal Case" entered by the court after sentencing. This document states in relevant part:
 
 
 34
 The Court adopts the factual findings and guideline application in the presentence report.
 
 
 35
 ....
 
 
 36
 The sentence is within the guideline range, that range exceed[s] 24 months, and the sentence is imposed for the following reasons:
 
 
 37
 Each of these offenses represent a very serious crime that possess[es] a definite threat to any community. Both the defendant and his codefendant could have easily injured someone by the manner in which they entered the banks. Their behavior was described as loud and intimidating with both men banging the butt of their guns on the counter. At any moment, one of those gunds could have fired possibly killing an innocent person. The two men did this repeatedly in at least three states. A sentence at the maximum end of the guideline range for the Armed Bank Robbery counts seems appropriate, given the number of robberies they committed which were not accounted for in the guideline range.
 
 
 38
 (App. 79.)
 
 
 39
 We believe that the court clearly complied with the requirements of 18 U.S.C. § 3553(c)(1) by the inclusion of the above-referenced statement in the judgment order. Since defendant acknowledged in his written Rule 11 agreement that his combined bank robbery offense level would be 29 and that the sentence imposed for the bank robberies would be consecutive to the 25 years imposed for the gun charges, the sentence meted out, lengthy though it may be, hardly could have come as a surprise.
 
 
 40
 The resolution of the Rule 32(c)(3)(D) problem is more difficult. It appears likely that the defendant's pro se objections to the presentence report, filed only minutes before he was sentenced, were never seen by the trial judge, and, if seen by defense counsel, were ignored. The rapidity with which defense counsel extricated himself from further representation of the defendant after sentencing suggests their relationship may have been other than ideal.
 
 
 41
 As we indicated earlier, most of defendant's pro se objections to the presentence report do not merit discussion. Although the district judge has an obligation to resolve disputed factual allegations, it must be remembered that both defendant and defense counsel made no challenge in open court to the presentence report although given the opportunity to do so. Nonetheless, we will discuss two of defendant's pro se objections.
 
 
 42
 The section of the presentence report detailing defendant's criminal history listed a juvenile conviction and two adult convictions for operating a motor vehicle while intoxicated. The report further indicated the defendant violated the probation he was placed on after one of the driving while intoxicated offenses and probation was continued until April 1994. There was also an outstanding warrant for defendant's arrest based on his failure to report to the local probation department as ordered.
 
 
 43
 As to the juvenile conviction, defendant argues it should not have been counted in his criminal history score. The simple answer to this contention is that it was not.
 
 
 44
 Defendant argues the two drunk driving offenses were not felonies and so they should not have been counted either.[2] The sentencing guidelines resolve this issue contrary to defendant's contentions:
 
 
 45
 Sentences for Driving While Intoxicated or Under the Influence. Convictions for driving while intoxicated or under the influence (and similar offenses by whatever name they are known) are counted. Such offenses are not minor traffic infractions within the meaning of § 4A1.2(c).
 
 
 46
 U.S.S.G. § 4A.1.2 comment. (n. 5).[3] Thus, defendant ended up with the five criminal history points. Two were assessed for the first drunk driving offense and two points were added, because, when the bank robbery offense was committed, defendant was still on probation from one of his drunk driving convictions.[4] Five criminal history points results in a level III classification. Accordingly, we find no error in the computation of defendant's criminal history score.
 
 
 47
 The court's failure to award a two-point reduction for acceptance of responsibility is more troubling.[5] Although the court was not bound to follow the Rule 11 stipulation that provided for this reduction, the court never addressed defendant's written challenge to the probation officer's conclusion that no reduction be made. It is not sufficient for the court to indicate it is adopting "the factual findings" of the probation officer, because the probation officer made no factual findings as to defendant's objections. Therefore, we find it necessary to remand for resentencing on the issue of whether defendant should have been afforded a two-point reduction for acceptance of responsibility.[6]
 
 II.
 
 48
 The Twenty-Year Sentence for the Second Firearms Conviction
 
 
 49
 The defendant entered a Rule 11 plea of guilty to two counts of violating 18 U.S.C. § 924(c) on July 6, 1992. Section 924(c)(1) provides that, for a second or subsequent conviction, the penalty shall be imprisonment for twenty years, such imprisonment to be consecutive to any other term of imprisonment imposed.
 
 
 50
 Prior to pleading to the two § 924(c) counts on July 6, 1992, Visintine never had been convicted of a § 924(c) offense. The circuits were split on whether the "second conviction" enhancement would apply if the second conviction was contemporaneous with the first as was the case here.[7] However, this circuit had concluded, if the offenses are separate, the fact that the offenses were charged in one indictment and the pleas were taken at the same time still triggers the "second conviction" requirement of enhancement. United States v. Livingston, 941 F.2d 431, 436 (6th Cir.1991).
 
 
 51
 We need not concern ourselves with the disagreement in the circuits, however, because the Supreme Court now has resolved this issue.
 
 
 52
 On May 17, 1993, the Supreme Court decided Deal v. United States, 113 S.Ct. (1993). The facts in Deal are remarkably similar to those here. Deal committed six bank robberies on six different dates. He was convicted of six counts of carrying and using a firearm during and in relation to a crime of violence, 18 U.S.C. § 924(c). The court imposed a sentence of five years on the first § 924(c) count and twenty years on each of the other five § 924(c)(1) counts, the terms to run consecutively. The Supreme Court affirmed, concluding that the statute was unambiguous and dictated the result reached. Accordingly, there is no merit to defendant's argument on this issue.
 
 III.
 
 53
 To the degree that defendant argues that what occurred to him here means the sentencing guidelines must be "unconstitutional per se," we simply reject this argument. Insofar as defendant complains of irregularities in his sentencing procedures, we have addressed each of his contentions and afforded relief in one area and rejected his other contentions.
 
 
 54
 AFFIRMED IN PART, REVERSED IN PART, and REMANDED for further proceedings as directed by this opinion.
 
 
 
 [1]
 For example, paragraph 7B reads:
 B. For Count 15, the armed bank robbery of the Century Bank, Cincinnati, Ohio, on September 17, 1991, the base offense level is 20, pursuant to Sentencing Guideline § 2B3.1(a). Because the property of a financial institution was taken, the offense level is increased by two levels, pursuant to Sentencing Guideline § 2B3.1(b)(1). Because a firearm was brandished, displayed, or possessed during the robbery, the offense level is increased by three levels, pursuant to Sentencing Guideline § 2B3.1(b)(2)(C). Accordingly, the offense level for Count 15 is 25.
 (App. 27.)
 
 
 [2]
 Defendant raises this as his separate issue IV, but we will discuss it under this section since it was raised in the objections to the presentence report
 
 
 [3]
 The citation is to the current issue of the guidelines; however, this section was part of the guidelines when defendant was sentenced
 
 
 [4]
 It is not completely clear from the presentence report why two criminal history points were assessed for defendant's 1986 drunk driving conviction. The report indicates the sentence imposed was a $500 fine and three years' probation. (App. 49.) However, the report goes on to state when defendant committed his second drunk driving offense while still on probation from his 1986 conviction, probation was revoked and the "original sentence of six months imprisonment was reimposed." (App. 50.) However, even if only one point were assessed for the 1986 conviction, defendant's criminal history category would still be level III
 
 
 [5]
 This is defendant's separate issue II which we also choose to address in this section
 
 
 [6]
 A two-point reduction would reduce the maximum bank robbery sentence imposed of 135 months to 108 months
 
 
 [7]
 See, e.g., United States v. Abreu, 962 F.2d 1447 (10th Cir.) (enhancement not applicable unless second conviction took place after a judgment of conviction had been entered on prior offense), cert. denied sub nom. Thornbrugh v. United States, 113 S.Ct. 220 (1992)