53 F.3d 332
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
 UNITED STATES of America, Plaintiff-Appellee,
v.
Eric Lamont SHERROD, Defendant-Appellant.
 No. 93-1186.
 United States Court of Appeals, Sixth Circuit.
 April 27, 1995.
 
 Before: WELLFORD, NELSON, and SILER, Circuit Judges.
 PER CURIAM.
 
 
 1
 Appellant Eric Lamont Sherrod appeals his conviction and sentence for possession with intent to distribute cocaine and marijuana in violation of 21 U.S.C. Sec. 841(a)(1), using a firearm during a drug trafficking offense in violation of 18 U.S.C. Sec. 924(c)(1), and illegal possession of a firearm by a felon in violation of 18 U.S.C. Sec. 922(g)(1). On appeal, Sherrod challenges: (1) the sufficiency of the evidence supporting his convictions; (2) the denial of his motion to suppress certain evidence; and (3) the imposition of consecutive sentences for his separate Sec. 924(c)(1) convictions. Based on the following discussion, we affirm the appellant's conviction and sentence.
 
 I.
 
 2
 In October 1991, the Wayne County Sheriff's Department, acting on a confidential informant's tip that a man named "Eric" was selling cocaine from a house at 3494 Berkshire in Detroit, Michigan, began surveillance of the house located at that address. The informant also provided a detailed description of "Eric." The Sheriff's Department learned that a Suzuki truck was registered to an Eric Sherrod at the Berkshire address, that Sherrod listed that address as his residence on his driver's license, and that the Eric Sherrod living at that address matched the physical description given by the informant. Over the next four months, Officer Lacey of the Sheriff's Department observed that the Suzuki was sometimes parked in the driveway at the Berkshire address, but he never observed Sherrod engaging in illicit narcotics activities. On several occasions, Lacey examined the contents of trash cans put out on the street for collection but, until February 1992, found no drug paraphernalia therein.
 
 
 3
 On February 20, 1992, a search of the trash set out for collection produced an empty rectangular package containing a white powder residue later identified as cocaine, a ziplock bag containing white powder residue also identified as cocaine, two empty boxes from sandwich-size ziplock bags, and an envelope addressed to Eric Sherrod at 3494 Berkshire. Later that day, based on the results of the garbage search and the earlier tip, Lacey obtained a state search warrant for the house at 3494 Berkshire. Sherrod was present during the search and in response to a question, showed the officers a 12-gauge shotgun in a closet on the ground floor. The officers seized the shotgun; a loaded semi-automatic pistol with the serial number removed, two beepers, and a plate containing white powder residue from Sherrod's bedroom on the second floor; a loaded machine gun from a linen closet near the top of the stairs; an empty "kilo wrapper" from the porch outside another second floor bedroom; a grinder and an empty half-pound Inositol container in the basement; a package containing 28.19 grams of cocaine hidden inside the furnace in the basement; a ziplock bag containing 121 grams of marijuana, an Ohaus scale, a pocket electronic scale, a partially full bottle of Inositol,[1] and small envelopes, suitable for distributing cocaine, in the kitchen.
 
 
 4
 Alcohol, Tobacco and Firearms (ATF) agents obtained a federal arrest warrant for Sherrod and went to the Berkshire address on April 9, 1992, to arrest him. Upon entering the house, the agents found Sherrod and several other people in the living room. Sherrod had a beeper on him, and another beeper was on the floor near his feet. Of the people in the house, only Sherrod was arrested. As part of a security sweep incident to the arrest, the agents saw what appeared to be marijuana in the basement. Subsequently, the ATF obtained a search warrant for the house. During the execution of the search warrant, they seized two baggies of marijuana underneath the couch where Sherrod had earlier been sitting; a bag of marijuana, a package of ziplock bags, and a scale from the basement; and a shotgun from the front closet.
 
 
 5
 Sherrod was convicted on one count of possession with intent to distribute cocaine, two counts of possession with intent to distribute marijuana, two counts of using a firearm during a drug trafficking offense, and two counts of illegally possessing a firearm after having been convicted of a felony. He was later sentenced to concurrent sentences of fifty-seven months on the drug and felon-in-possession counts and to consecutive terms of five and twenty years on the two Sec. 924(c)(1) counts.[2]
 
 II.
 
 6
 Prior to trial, Sherrod sought to suppress evidence seized pursuant to the execution of the February 20, 1992, state search warrant. Sherrod claimed that the affidavit supporting the warrant failed to provide sufficient information to enable the magistrate to find probable cause for believing that a search would uncover evidence of illicit narcotics activities. Specifically, Sherrod argued that Lacey knowingly made false statements in his affidavit and that the information the police received from the unnamed informant was unreliable. The district court denied Sherrod's suppression motion. The court found no reason to question the credibility of either Lacey or the other officer (Alexander Traczuk) who participated in the search, and found that independent corroboration supported the confidential informant's credibility and reliability.
 
 
 7
 On appeal, Sherrod claims that the district court erred in denying his motion to suppress. First, he contends that the trash search violated his rights under the Fourth Amendment. Additionally, he challenges the February 20, 1992, warrant and the resulting search as lacking in probable cause.
 
 
 8
 As a preliminary matter, the search of Sherrod's trash did not violate his Fourth Amendment rights. In California v. Greenwood, 486 U.S. 35, 42-43 (1988), the Supreme Court determined that an individual has no reasonable expectation of privacy in garbage that has been left on the curb for collection.[3] Therefore, the Court held that a warrantless search of such garbage does not violate the Fourth Amendment. Id.
 
 
 9
 This circuit recognizes that significant deference should be accorded an issuing magistrate's probable cause determination. United States v. Pelham, 801 F.2d 875, 877 (6th Cir.1986), cert. denied, 479 U.S. 1092 (1987). Affidavits are not reviewed de novo; instead, the magistrate's probable cause determination will be upheld as long as, based on the totality of the circumstances, there existed a substantial basis supporting his conclusion that a search would uncover evidence of wrongdoing. Id. at 877-78 (citing Illinois v. Gates, 462 U.S. 213, 236 (1983)).
 
 
 10
 The totality of the circumstances supports the issuing magistrate's determination that probable cause existed to issue the February 20, 1992, warrant. Though the confidential informant's tip, by itself, may not have been sufficiently credible to support the issuance of a warrant, the police were able to independently corroborate the information contained in the tip. Gates, 462 U.S. at 242. Specifically, the affidavit supporting the warrant stated that the police had determined, by searching official records, that a person named Eric resided at the Berkshire address and fit the description provided by the informant. Additionally, the evidence seized in the trash search further bolstered the probability that evidence of wrongdoing would be found in the house.
 
 
 11
 In his brief, Sherrod also contends that there was no "probable cause to believe that [he] had committed a crime or was in the process of doing so." However, what was relevant to the issuance of the search warrant was whether there was probable cause to believe someone was involved in illegal activity at the address. The district court properly denied Sherrod's motions to suppress evidence where the search warrant for defendant's home was supported by probable cause.
 
 III.
 
 12
 Sherrod challenges the sufficiency of the evidence supporting his convictions. At the close of all the evidence, however, Sherrod failed to make a motion for judgment of acquittal pursuant to Fed.R.Crim.P. 29. By not making a Rule 29 motion at the close of all the evidence, Sherrod failed to preserve his right to challenge the sufficiency of the evidence on appeal. United States v. Morrow, 977 F.2d 222, 230 (6th Cir.1992), cert. denied, 113 S.Ct. 2969 (1993); United States v. Swidan, 888 F.2d 1076, 1080 (6th Cir.1989). As a result, instead of examining Sherrod's conviction to determine whether substantial evidence exists to support the verdict, Glasser v. United States, 315 U.S. 60, 80 (1942); United States v. DeClue, 899 F.2d 1465, 1471 (6th Cir.1990), this court's review is limited to reviewing the convictions for a manifest miscarriage of justice. Morrow, 977 F.2d at 230; Swidan, 888 F.2d at 1080. The record reveals no manifest injustice warranting a reversal of Sherrod's convictions.
 
 
 13
 Even if Sherrod's convictions were reviewed for substantial evidence, the record, when viewed in the light most favorable to the government, shows that the government presented sufficient evidence to enable a rational trier of fact to find all the essential elements of the charged crimes beyond a reasonable doubt. Jackson v. Virginia, 443 U.S. 307, 319 (1979). First, we address the appellant's conviction for possession with intent to distribute cocaine and marijuana. Sherrod's insufficiency of the evidence claim rests heavily on his contention that there were numerous people who either were living at the house on Berkshire or had access to the house. Furthermore, Sherrod contends that he spent most of his time at his girlfriend's residence. Sherrod reasons that the government established no nexus between his presence at the Berkshire address and the alleged criminal activities. Sherrod's mother, however, testified at trial that by January 1992, the other persons living in the house at 3494 Berkshire (various relatives) had all moved out, leaving Sherrod as the only permanent occupant. Additionally, even if other people were living in that house, evidence such as the beeper found on Sherrod and the plate with white powder found in his room could support a reasonable inference that he was involved in illicit drug activities.
 
 
 14
 Sherrod's firearms convictions under 18 U.S.C. Sec. 924(c)(1) are likewise supported by sufficient evidence. Section 924(c)(1) provides in pertinent part:
 
 
 15
 Whoever, during and in relation to any ... drug trafficking crime ..., uses or carries a firearm, shall, in addition to the punishment provided for such crime ..., be sentenced to imprisonment for five years.... In the case of his second or subsequent conviction under this subsection, such person shall be sentenced to imprisonment for twenty years....
 
 
 16
 The mere presence of a firearm is insufficient to support a conviction under Sec. 924(c)(1). The government bears the burden of proving a link between the firearms and the predicate drug offense. United States v. Pearce, 912 F.2d 159, 163 (6th Cir.1990), cert. denied, 498 U.S. 1093 (1991). To satisfy the "during and in relation to" requirement of Sec. 924(c)(1), the government must show that Sherrod "intended to have [the weapon] available for possible use during or immediately following the transaction" or that the weapon "facilitated the transaction by lending courage to the possessor." United States v. Brown, 915 F.2d 219, 226 (6th Cir.1990) (citations omitted). "Actual possession of a firearm need not be shown, though, only that the firearm was under defendant's control and readily accessible." Pearce, 912 F.2d at 162 (citation omitted).
 
 
 17
 Viewing the evidence in the light most favorable to the government, a rational trier of fact could have found that Sherrod intended to have the confiscated weapons available for possible use. During the first search of the house, in addition to drugs and various items indicative of drug distribution, a shotgun and a loaded pistol were seized.[4] During the second search of the house, less than two months later, a shotgun was seized along with drugs and drug paraphernalia. See United States v. Acosta-Cazares, 878 F.2d 945, 952 (6th Cir.) (employing "drug fortress" theory), cert. denied, 493 U.S. 899 (1989). Finally, the fact that the second search turned up firearms and drug paraphernalia, after all of the firearms and drug paraphernalia had been removed from the house during the first search, clearly supports two separate convictions under Sec. 924(c)(1). See United States v. Livingston, 941 F.2d 431, 435 (6th Cir.1991) (requiring each Sec. 924(c)(1) conviction to be supported by a separate predicate offense).
 
 IV.
 
 18
 Sherrod contends that his consecutive mandatory sentences of five and twenty years under Sec. 924(c)(1) violate his Eighth Amendment right against cruel and unusual punishment and his Fifth Amendment right against double jeopardy. Because the evidence supports the finding that separate predicate offenses support each of Sherrod's Sec. 924(c)(1) convictions, Livingston, 941 F.2d at 435, his double jeopardy claim is meritless.
 
 
 19
 In evaluating Sherrod's Eighth Amendment claim, this court is bound by the narrow proportionality principle stated by the plurality in Harmelin v. Michigan, 501 U.S. 957 (1991). "Under this approach, there is no requirement of strict proportionality; the eighth amendment is offended only by an extreme disparity between crime and sentence." United States v. Hopper, 941 F.2d 419, 422 (6th Cir.1991). In Harmelin, the Supreme Court upheld the constitutionality of a mandatory life sentence without possibility of parole against a defendant who had no criminal history and was convicted of simple possession of 672 grams of cocaine. 501 U.S. at 996. In contrast, Sherrod is a convicted felon and, in the present case, was convicted on several charges of possession with intent to distribute as well as three separate weapons-related charges. If the life sentence in Harmelin was constitutional, it follows a fortiori that Sherrod's mandatory twenty-five year sentence for the two Sec. 924(c)(1) convictions is constitutional. See United States v. Dunson, 940 F.2d 989, 995 (6th Cir.1991), cert. denied, 112 S.Ct. 1488 (1992).
 
 V.
 
 20
 Sherrod also challenges on due process and equal protection grounds the district court's decision allowing the government to issue a superseding indictment adding three counts three days prior to trial. In his brief, however, Sherrod states that he had been unable to locate details or a transcription of the hearing held on the matter. As he has not demonstrated that he either objected to the use of the superseding indictment or asked for a continuance to meet the proof of the superseding indictment, we find no clear error in the use of the superseding indictment and decline to grant any relief on that issue. This question was raised in the motion for a new trial, filed with the district court while this appeal was pending. The district court found that the defendant "implicitly, if not explicitly, waived his right to an adjournment of the trial" by insisting on proceeding to trial in spite of the superseding indictment.
 
 VI.
 
 21
 Defendant raised another issue in his motion for a new trial which is not briefed:[5] the newly discovered evidence, to-wit, the testimony of Juan Brooks, his half-brother, that Juan took the shotgun, seized in the April search, to the residence and Sherrod knew nothing about it. It involved only the charge in count 7, but it resulted in the twenty-year consecutive sentence. The district court made findings on this issue that the evidence was not newly discovered and Brooks was not unavailable to testify. No notice of appeal has been filed on this denial of the motion for a new trial, so we decline to rule on it at this time.
 
 
 22
 AFFIRMED.
 
 
 
 [1]
 Inositol is commonly used as a cutting agent for cocaine
 
 
 [2]
 Following Sherrod's oral argument on appeal, we held our decision in abeyance pending disposition of Sherrod's motion for a new trial in the district court. On December 12, 1994, Judge Lawrence P. Zatkoff denied Sherrod's motion for a new trial
 
 
 [3]
 Though Sherrod maintains that it is not clear where the trash was located when the police searched it, both officers involved in the trash search testified that the garbage was at the curb. The district court, in its decision denying Sherrod's motion to suppress, found "no reason to question the credibility, veracity and believability of the two Officers." The record contains no reason to doubt the district court's credibility determination
 
 
 [4]
 He was acquitted of the charge of possessing an unregistered machine gun under 26 U.S.C. Secs. 5861(d), 5845 and 5871
 
 
 [5]
 His motion to postpone argument in this court asserted "this matter was briefly touched upon and (sic) Defendant/Appellant's brief," but we find no direct reference to the question in his brief