61 F.3d 904
 NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
UNITED STATES of America, Plaintiff-Appellee,
v.
Tony MANNS, Defendant-Appellant.
 No. 94-6305.
 United States Court of Appeals, Sixth Circuit.
 July 13, 1995.
 
 1
 Before: MILBURN and BATCHELDER, Circuit Judges, and TODD, District Judge.*
 
 ORDER
 
 2
 Tony Manns appeals his judgment of conviction and sentence. The case has been referred to a panel of the court pursuant to Rule 9(a), Rules of the Sixth Circuit. Upon examination, this panel unanimously agrees that oral argument is not needed. Fed. R. App. P. 34(a).
 
 
 3
 Manns was charged in a multiple count indictment with robbing two pharmacies. Subsequently, a jury found him guilty of one count of conspiracy to possess with intent to distribute Schedule II controlled substances in violation of 21 U.S.C. Sec. 846, two counts of possession of Schedule II narcotics with intent to distribute in violation of 21 U.S.C. Sec. 841(a)(1), two counts of entering with intent to steal controlled substances in violation of 18 U.S.C. Sec. 2118(b), and two counts of using and carrying a firearm in relation to a drug trafficking crime in violation of 18 U.S.C. Sec. 924(c)(1). He was sentenced to a total of 455 months of imprisonment.
 
 
 4
 On appeal, Manns's counsel has filed a motion to withdraw and a brief pursuant to Anders v. California, 386 U.S. 738 (1967). Manns has filed his own pro se appellate brief.
 
 
 5
 Upon review, we conclude that the district court properly sentenced Manns on his second weapons conviction under 18 U.S.C. Sec. 924(c)(1). A second conviction for committing a crime of violence, even if charged in a single proceeding, can amount to the necessary "second or subsequent conviction" under 18 U.S.C. Sec. 924(c)(1). Deal v. United States, 113 S. Ct. 1993, 1995-96 (1993); United States v. Camps, 32 F.3d 102, 109 (4th Cir. 1994), cert. denied, 115 S. Ct. 1118 (1995); United States v. Livingston, 941 F.2d 431, 435-36 (6th Cir. 1991). Here, because the two weapons convictions were for separate offenses, the district court properly sentenced Manns to twenty years on the second or subsequent conviction.
 
 
 6
 Additionally, Manns has not raised any issues warranting reversal of his conviction or sentence. Manns's claim that he received ineffective assistance of counsel is not cognizable on direct appeal. This claim has three aspects. Manns first argues that the district court should have permitted him to substitute counsel, prior to trial, because counsel was incapable of providing him with an effective defense. Second, Manns states that, during trial, counsel was ineffective because he did not present an adequate defense, as evidenced by counsel's failure to file any pre-trial motions and because counsel did not sufficiently cross-examine some of the witnesses. Third, Manns maintains that appellate counsel was ineffective because he did not challenge trial counsel's ineffectiveness. We conclude that the record is not adequate to permit meaningful review of these claims. Therefore, Manns's claims that trial and appellate counsel rendered ineffective assistance are not cognizable on direct appeal and are more properly asserted in a motion to vacate sentence filed pursuant to 28 U.S.C. Sec. 2255. See United States v. Goodlett, 3 F.3d 976, 980 (6th Cir. 1993).
 
 
 7
 We have further examined the record in this case, including the transcripts, and conclude that no reversible error is apparent from the record.
 
 
 8
 Accordingly, we deny the appointment of counsel, grant counsel's motion to withdraw and affirm the district court's judgment. Rule 9(b)(3), Rules of the Sixth Circuit.
 
 
 
 *
 The Honorable James D. Todd, United States District Judge for the Western District of Tennessee, sitting by designation