**Robert Steven VISINTINE,**
**Plaintiff–Appellant,**

v.

**Lisa HANNON–EGNER, United States Probation Officer; Everett Landen; Henry Sheldon, II; John A. Bell, Defendants–Appellees.**

No. 00–3999.

United States Court of Appeals,
Sixth Circuit.

Aug. 7, 2001.

* The Honorable J. Clifford Wallace, United States Circuit Judge for the Ninth Circuit,

Before CLAY, GILMAN, and WALLACE,* Circuit Judges.

Robert Steven Visintine, a federal prisoner, appeals pro se a district court order dismissing his civil rights action. This case has been referred to a panel of the court pursuant to Rule 34(j)(1), Rules of

sitting by designation.

the Sixth Circuit. Upon examination, this panel unanimously agrees that oral argument is not needed. Fed. R.App. P. 34(a).

Visintine filed a complaint against a probation officer and three attorneys who were appointed to represent him during criminal proceedings in 1992. Visintine was charged with nine counts each of armed bank robbery and using a firearm during a crime of violence. He entered a guilty plea to four counts of armed bank robbery and two counts of using a firearm. According to his complaint, his appointed counsel informed the probation officer of an expunged or sealed juvenile delinquency adjudication for aggravated burglary, which was then noted in his pre-sentence investigation (PSI) report. Visintine alleged that these defendants had engaged in a conspiracy in violation of 42 U.S.C. § 1985(3) in including this juvenile adjudication in his PSI and not objecting to it. He argued that this information continued to affect his custody classification.

The district court dismissed the complaint as frivolous and for failure to state a claim, pursuant to 28 U.S.C. § 1915A(b), concluding that it was barred by the statute of limitations and failed to allege a class-based conspiracy. On appeal, Visintine argues that his complaint is not barred by the statute of limitations because defendants are engaged in a continuing conspiracy, and because he is alleging fraud on the court. He also argues that he has alleged a class-based conspiracy, that the case should not have been transferred from Judge Spiegel to Judge Weber, and that the Prison Litigation Reform Act is unconstitutional.

Upon review, we affirm the dismissal of this complaint for the reasons stated by the district court, because it has no arguable basis in law. *See Neitzke v. Williams,* 490 U.S. 319, 328–29, 109 S.Ct. 1827, 104 L.Ed.2d 338 (1989).

The district court construed the complaint as filed pursuant to *Bivens v. Six Unknown Named Agents of Fed. Bureau of Narcotics,* 403 U.S. 388, 390–97, 91 S.Ct. 1999, 29 L.Ed.2d 619 (1971), at least with respect to the probation officer, who is a federal employee. The statute of limitations on *Bivens* actions arising in Ohio is two years. *Kurinsky v. United States,* 33 F.3d 594, 599 (6th Cir.1994). Visintine argues that the statute of limitations does not bar his complaint because the probation officer responded to a letter from Visintine's case manager within the two-year period. While Visintine has continued to complain about the PSI, causing his case manager to correspond with the probation officer, his cause of action accrued in 1992 when the juvenile delinquency adjudication was included in his PSI. His argument that there is a continuing conspiracy between the defendants is erroneous. He has alleged no contact between the defendants within the limitations period. Although Visintine alleges continued ill effects from the information in the PSI, he has not shown any continuing acts other than the original compilation of the PSI. *See McCune v. City of Grand Rapids,* 842 F.2d 903, 905 (6th Cir.1988).

Visintine also argues against the application of the statute of limitations on the ground that he is alleging a fraud on the court, which is not subject to a limitations period. This argument is frivolous. Visintine has not shown any fraud on any court. In fact, the state statute on which he relies, governing the sealing and expungement of juvenile records, allows such records to be considered by courts in sentencing. Ohio Rev.Code § 2151.358(H). Moreover, this court held on direct appeal from Visintine's conviction that the district court had not counted the juvenile adjudication in his criminal history score. *United States v. Visintine,* No. 92–4172, 1993

WL 393091 (6th Cir. Oct.4, 1993). Thus, the sentencing court could have properly relied on the disputed information in sentencing, but it did not.

The district court also properly held that Visintine had failed to state a claim under 42 U.S.C. § 1985(3) because he had not alleged a conspiracy motivated by racial or other class-based animus. *See Bray v. Alexandria Women's Health Clinic,* 506 U.S. 263, 268, 113 S.Ct. 753, 122 L.Ed.2d 34 (1993). Visintine argues that he is a member of the class of persons who have had juvenile adjudications expunged, as well as the class of persons with mental diseases, and the class of persons who cannot afford counsel. These arguments are also frivolous. Visintine failed to show a conspiracy between the defendants, let alone one motivated by animus against one of the groups Visintine has identified.

Visintine raises two other arguments on appeal which are likewise without merit. He complains that the case was originally assigned to one judge but dismissed by another. Not only is this allegation not substantiated by the record, but Visintine has failed to demonstrate why any transfer of his case would have been impermissible or prejudicial to him. Finally, he argues that the Prison Litigation Reform Act, pursuant to which the district court reviewed his complaint and ordered its sua sponte dismissal, is unconstitutional. This court has rejected this argument in *Hampton v. Hobbs,* 106 F.3d 1281, 1286 (6th Cir.1997).

For all of the above reasons, the district court's order dismissing this complaint as frivolous and for failure to state a claim is affirmed. Rule 34(j)(2)(C), Rules of the Sixth Circuit.