**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 16-30180 |
| Plaintiff-Appellee, | D.C. No. 2:14-cr-00134-WFN-1 |
| v. | |
| DOMINGO VALDOVINOS, AKA Junior, AKA Domingo Valdovinos-Navarro, | MEMORANDUM[*] |
| Defendant-Appellant. | |

Appeal from the United States District Court
for the Eastern District of Washington
Wm. Fremming Nielsen, District Judge, Presiding

Argued and Submitted May 18, 2018
Seattle, Washington

Before: BERZON and HURWITZ, Circuit Judges, and DEARIE,[**] District Judge.

Domingo Valdovinos appeals his conviction, for which he is serving a life sentence, of Murder in Connection with a Drug Trafficking Offense in violation of 21 U.S.C. § 848(e)(1)(A). He challenges the district court's exclusion as hearsay

---

[*] This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**] The Honorable Raymond J. Dearie, United States District Judge for the Eastern District of New York, sitting by designation.

of the testimony of Jesse Coughlin, proffered as extrinsic evidence of prior inconsistent statements of government witnesses Melissa Buchheit and Dillon Casteel. Valdovinos also challenges the denial of his request to instruct the jury on his asserted defense of duress. We have jurisdiction pursuant to 28 U.S.C. § 1291, review the evidentiary ruling for abuse of discretion, *see United States v. Stinson*, 647 F.3d 1196, 1210 (9th Cir. 2011), and review the refusal to instruct on duress *de novo*, s*ee United States v. Ibarra-Pino*, 657 F.3d 1000, 1003 (9th Cir. 2011). We affirm.

1. At trial, Buchheit testified that: (i) she talked with Coughlin but not about the murder, (ii) when accompanying the victim (her boyfriend) to his place of abduction, she had not been acting in furtherance of any agreement to assist the defendants, and (iii) Casteel told her that the victim was deceased but furnished no details of the murder. By contrast, Coughlin would have testified that: (i) Buchheit conversed with him about the murder at length, (ii) Buchheit told him that, in ushering the victim to the Knox residence, she was facilitating the conspirators' plan to "get back at him," and (iii) Buchheit told him that Casteel gave her a colorful narrative of the murder including details that differ from his (Casteel's) trial account. Portions of Coughlin's testimony were therefore admissible under Federal Rule of Evidence 613(b) to impeach Buchheit. *See generally* Fed R. Evid. 613(b); *see also United States v. McLaughlin*, 663 F.2d 949, 952 (9th Cir. 1981)

16-30180

(""A basic rule of evidence provides that prior inconsistent statements may be used to impeach the credibility of a witness."") (quoting *United States v. Hale*, 422 U.S. 171, 176 (1975)); *United States v. Hibler*, 463 F.2d 455, 461 (9th Cir. 1972) ("If the prior statement was oral, and is denied, the proper procedure after laying the foundation is to put someone on the stand who heard the statement and elicit testimony that the witness made the statement."). The district court abused its discretion by excluding Coughlin's testimony on hearsay grounds.

We need not address precisely how much of Coughlin's testimony should have been received because even if all of it were admitted, the damaging potential of impeaching Buchheit was at best minimal. Her testimony was peripheral to the formidable case against Valdovinos, which included three codefendants' first-hand accounts and highly incriminating forensic and physical evidence. The evidentiary error, therefore, was unquestionably harmless. *See generally United States v. Liera,* 585 F.3d 1237, 1244 (9th Cir. 2009) ("An error is harmless if it is more probable than not that the error did not materially affect the verdict.") (internal quotation and citation omitted).

2. Although Coughlin's account of Buchheit's account of Casteel's account of the murder also conflicts with Casteel's trial testimony, no portion of Coughlin's testimony is admissible under Rule 613 to impeach Casteel. A fortiori, the prior consistent statement of a witness must be *that* witness's statement—and

not what another witness, if believed, reports. To function as impeachment of Casteel, Buchheit's out-of-court statements would have to be offered for *their* truth. Categorically hearsay, these statements do not satisfy any of the exceptions and definitions of non-hearsay Valdovinos invokes. *See* Fed. R. Evid. 801.

3. "In order to make a prima facie showing for a duress defense or a jury instruction, a defendant must establish: (1) an immediate threat of death or serious bodily injury, (2) a well-grounded fear that the threat will be carried out, and (3) lack of a reasonable opportunity to escape the threatened harm." *Ibarra-Pino*, 657 F.3d at 1004 (internal quotation and citation omitted). "As a general proposition, a defendant is entitled to an instruction as to any recognized defense for which there exists evidence sufficient for a reasonable jury to find in his favor." *Bradley v. Duncan*, 315 F.3d 1091, 1098 (9th Cir. 2002) (internal quotation and citation omitted). But, even crediting Valdovinos's cabined claim that he drove the victim from the place of abduction to the murder site under duress, the district court's refusal to instruct on duress was not reversible error because, as counsel recognized at oral argument, Valdovinos does not, and could not, claim that he remained under duress during the commission of the murder. *See United States v. Vasquez-Landaver*, 527 F.3d 798, 802 (9th Cir. 2008) ("Of crucial importance in any attempt to raise duress as a defense [is] the element[ ] of immediacy") (internal quotation and citation omitted). Further, any arguable error in failing to instruct on

duress was unquestionably harmless here for the same reasons.

**AFFIRMED.**